IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                          No.  08-cr-0777 MV
                                                     16-cv-0165 MV/SMV

RICKY SALAZAR,

    Defendant.

## ORDER TO SHOW CAUSE WHY RULING SHOULD NOT BE STAYED PENDING RULING IN *BECKLES*

THIS MATTER is before the Court on Mr. Salazar's motion to correct his sentence under 28 U.S.C. § 2255 ("Application of Petitioner Ricky Salazar Seeking Order Modifying Sentence Imposed Herein Pursuant to 28 U.S.C. § 2255"), filed March 7, 2016.  [CV Doc. 1], [CR Doc. 63].  The United States responded on April 4, 2016.  [CV Doc. 5], [CR Doc. 65].  Mr. Salazar replied on April 13, 2016.  [CV Doc. 7], [CR Doc. 67].  On May 19, 2016, Mr. Salazar filed his Supplemental Counseled Brief Related to His Petition to Correct His Illegal Sentence.  [CV Doc. 14], [CR Doc. 74].  The United States filed its supplemental response on June 2, 2016.  [CV Doc. 15], [CR Doc. 75].  Having reviewed the parties' briefing, the Court orders the parties to show cause, by November 21, 2016, why ruling on Mr. Salazar's motion should not be stayed pending the Supreme Court's decision in *United States v. Beckles* (S. Ct. No. 15-8544).

Mr. Salazar has moved to vacate his sentence as unconstitutional pursuant to 28 U.S.C. § 2255.  He asserts that he was sentenced under the so-called residual clause of the definition of "crime of violence" found in the career offender guideline of the United States Sentencing

Guidelines. [CV Doc. 14], [CR Doc. 74] at 3–4. He argues that the Court should extend to his case the logic of the Supreme Court's holding in *United States v. Johnson*, 135 S. Ct. 2551, 2557 (2015), in which the Court held as void for vagueness the so-called residual clause of the definition of "violent felony" found in the Armed Career Criminal Act. [CV Doc. 14], [CR Doc. 74] at 6–7. He argues that the rule set out in *Johnson* should apply retroactively on collateral review and that he should be resentenced. *Id.* at 7, 14–15. The United States argues that *Johnson* does not apply retroactively to guidelines cases on collateral review. [CV Doc. 15], [CR Doc. 75].

As Mr. Salazar notes, the Tenth Circuit has invalidated, under *Johnson*, the residual clause of the career offender guideline. *United States v. Madrid*, 805 F.3d 1204, 1210 (10th Cir. 2015). *Madrid*, however, was a direct appeal; the Tenth Circuit has not decided whether the rule in *Madrid* applies retroactively. These issues—whether *Johnson* should be extended to the career offender guideline, and, if so, whether such ruling should apply retroactively—are currently before the Supreme Court in *Beckles v. United States* (S. Ct. No. 15-8544). The Court believes awaiting a ruling in *Beckles* would be prudent.

**IT IS THEREFORE ORDERED** that no later than **Monday, November 21, 2016,** the parties show cause why ruling on Mr. Salazar's motion should not be stayed pending the Supreme Court's decision in *United States v. Beckles* (S. Ct. No. 15-8544).

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**